### EDWARDS v. SOUTHERN RY. CO.

(Circuit Court, N. D. Georgia. June 12, 1900.)

No. 1,496.

1. NEW TRIAL—GROUNDS—INSTRUCTIONS.

A new trial will not be granted because of the inadvertent omission of the court to give an instruction requested, and to which the party was entitled, where no exception was taken to the omission, and it appears clear to the court that it did not affect the verdict.

2. SAME—EXCESSIVE VERDICT—DAMAGES FOR WRONGFUL DEATH.

In an action for wrongful death, under a statute which authorizes the recovery of the full value of the life of the deceased, although such value must be ascertained by calculations from earning capacity and probable duration of life, it is still a matter largely resting in the discretion of the jury, who are authorized to take into account the business capacity of the deceased, and other facts shown affecting his probable earnings; and a verdict will not be interfered with on account of its amount unless clearly insufficient or clearly excessive.

Action to Recover Damages for Wrongful Death. On motion for new trial.

Hoke Smith and H. C. Peeples, for plaintiff.

Dorsey, Brewster & Howell and Sanders McDaniel, for defendant.

NEWMAN, District Judge. The motion for new trial in this case, so far as the same has been urged in argument, is upon two grounds. The first is that the court failed to give a written request of the defendant. The failure to give this request was a pure inadvertence; as the defendant was undoubtedly entitled to it, and the presiding judge had it on the desk before him, with the intention of reading it. The omission to do so was not intentional. No exception, however, was taken by counsel for the defendant to the failure of the court to give this request. It would be a question for consideration as to whether the failure to give this request should be considered on a motion for new trial, notwithstanding there was no exception by defendant's counsel, if it was believed that it had, or could have had, any material effect in causing a verdict in favor of the plaintiff. It could hardly have had such effect. It seems clear that there would have been a verdict against the defendant even if this request had been given. Consequently the failure to give it is not sufficient ground for the granting of a new trial, even if it is proper to consider it under the circumstances.

The next ground of the motion is that the verdict is excessive. The suit by the plaintiff is for the homicide of her husband. Under the statutes of Georgia, she is entitled to recover the full value of the life of the deceased. According to the mortality and annuity tables in evidence, and which have been principally used in arguing this motion for a new trial, this was a full verdict, unquestionably. There was evidence, however, that the deceased had earned as high as $90 and $100 per month some time before his death. At the time of his death he was not earning this much. He had accepted a subordinate position, as the evidence shows, because the climate of Florida did not agree with his wife, and he had moved from that state for this reason. The deceased was 36 years of age at the time he was killed, and, according to all the evidence, an efficient man in his business of railroading, and in perfect health. The jury were not confined to the use of the mortality and annuity tables, but had a right to consider all the evidence before them. I do not feel justified in saying that the amount of the verdict was more than the full value of the life of the deceased. Notwithstanding the fact that in case of homicide the value of the life of the deceased must be ascertained by calculations from the earning capacity and probable duration of life, it must still be a matter largely for the jury to determine, considering the business capacity, attention to duty, the character of employment, the health of the deceased, and other matters that tend to throw light on the value of life. The court should not interfere with a verdict in such a case unless it is clearly insufficient or clearly excessive. I have gone over this evidence carefully, so far as it affects this question; and, in my opinion, I would not be justified in interfering with the verdict. The motion for a new trial is overruled.